IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40880
Summary Calendar

_____

ROBERT CHARLES CEASER,

Plaintiff-Appellant,

versus

CARL R. GRIFFITH, JR., Sheriff;
UP HEMMINGWAITE, Officer,
Jefferson County Sheriff's Department;
UP HENDERSON, Officer,
Jefferson County Sheriff's Department,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:94-CV-25
- - - - - - - - - -

March 23, 1999

Before KING, Chief Judge, and JOLLY, and DUHE', Circuit Judges.

PER CURIAM:[*]

Robert Charles Ceaser appeals the partial dismissal as frivolous of his civil rights action under 42 U.S.C. § 1983 and the district court's denial of his motion for judgment as a matter of law. He asserts that the district court abused its discretion by dismissing Sheriff Griffith as a defendant in the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

action and by dismissing all claims except for the use of excessive force against Jefferson County Sheriff's Department Officers Hemmenway (sued as Officer Hemmingwaite) and Henderson. He also argues that the district court erred in denying judgment as a matter of law on a due process claim stemming from his transfer from the Jefferson County Detention Center to an older correctional facility in Beaumont, Texas.

Ceaser has not shown that the district court abused its discretion in dismissing Sheriff Griffith as a defendant, or in dismissing all causes of action except for excessive force against Officers Hemmenway and Henderson. See Smith v. Brenoettsy, 158 F.3d 908, 911-12 (5th Cir. 1998); Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993); Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986). Likewise, he has not shown that the district court erred in dismissing his motion for judgment as a matter of law. See Baltazor v. Holmes, 162 F.3d 368, 373 (5th Cir. 1998).

AFFIRMED.